UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-81162-RLR

KELLY EAKIN,

        Plaintiff,

vs.

ROSS DRESS FOR LESS, INC.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS AMENDED COMPLAINT [ECF No. 21]

Plaintiff Kelly Eakin brings a two-count Amended Complaint against Defendant Ross Dress For Less, Inc. ("Ross") for negligence and negligent supervision arising from personal injuries she suffered in a fall at Ross' store in West Palm Beach, Florida. Ross moves to dismiss Count II (negligent supervision) for failing to state a claim upon which relief can be granted. ECF No. 21 at 4. Ross also moves to strike paragraphs 13(c) and 14(c) of the Amended Complaint "to the extent that they attempt to alternatively rely upon the inapplicable (and now defunct) negligent mode of operation theory to establish liability for negligence." ECF No. 21 at 4.

Ms. Eakin says that the Motion to Dismiss is untimely.

## LEGAL PRINCIPLES

A. *Rule 12(b)(6)*

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

> While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*; *see Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U. S. at 678 (quoting *Twombly*, 550 U. S. at 557 (alteration in original)). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact).

*Twombly,* 550 U. S. at 555 (citations omitted).

The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570). When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual

2

>allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U. S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (J. Altonaga) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the Twombly standard.").

With limited exceptions, the Court looks only to the allegations in the complaint, any documents appended to the complaint or incorporated by reference into it, and any judicially-noticed facts. *Reed v. Royal Caribbean Cruises Ltd.*, No. 20-CV-24979-RAR, 2022 WL 3027906, at *6 (S.D. Fla. Aug. 1, 2022) (J. Ruiz). The Court also may consider other documents whose authenticity is undisputed and which are central to the claims in this matter. *Day v. Taylor*, 400 F. 3d 1272, 1276 (11th Cir. 2005).

B. *Rule 12(f)*

C. *Negligent Supervision*

"To state a cause of action for negligent supervision or negligent retention under Florida law the claimant must allege: (1) the existence of a relationship giving rise to a legal duty to supervise; (2) negligent breach of that duty; and (3) proximate causation of injury by virtue of the breach." *Albra v. City of Fort Lauderdale*, 232 F. App'x 885, 888 (11th Cir. 2007).

> Negligent supervision of an agent has long been recognized as a basis for tort liability in Florida. *Storm v. Town of Ponce Inlet,* 866 So.2d 713, 716 (Fla. 5th DCA), *review denied,* 879 So.2d 624 (Fla.2004). Florida courts have also recognized this tort in cases involving the state or one of its agencies as a defendant. *Id.* at 717. Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment. *Garcia v. Duffy,* 492 So.2d 435, 438–39 (Fla. 2d DCA 1986). The plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action. *Id.* at 441. The employer's liability for negligent supervision is not, however, unlimited; not only must the employer owe a duty to the plaintiff, but the breach of that duty must be the proximate cause of the plaintiff's harm. *Watson v. City of Hialeah,* 552 So.2d 1146, 1149 (Fla. 3d DCA 1989). There must be a connection and foreseeability between the employee's employment history and the current tort committed by the employee. *Dickinson v. Gonzalez,* 839 So.2d 709, 713–14 (Fla. 3d DCA 2003) (citing *Island City Flying Serv. v. Gen. Elec. Credit Corp.,* 585 So.2d 274, 277 (Fla.1991)).

*Dep't of Env't Prot. v. Hardy*, 907 So. 2d 655, 660–61 (Fla. 5th DCA 2005).

## DISCUSSION

A. *Timeliness*

Ms. Eakin says that the Motion to Dismiss is untimely because it was filed on October 27, 2023, even though Judge Rosenberg had set October 26, 2023, as the deadline for Ross to file a pleading responsive to the Amended Complaint. ECF No. 22. For the reasons stated in Ross' reply, the Motion to Dismiss should not be denied on this basis. ECF No. 24.

B. *Negligent Supervision*

Ross says the Amended Complaint fails to state a claim for negligent supervision because it fails to plausibly allege specific prior, similar instances by

4

identifiable employees that occurred before Ms. Eakin's fall. ECF No. 21 at 7. Ross also says that Paragraph 27 of the Amended Complaint is ambiguous because it does not make clear whether Ross, the business entity, or its employees "acted within the scope of their employment." *Id.* at 9.

Count II fails to state a claim for negligent supervision. In particular, it does not allege a plausible claim that Ross knew or should have known that there were problems with one or more of the employees working when Ms. Eakin fell. The only relevant factual allegation is, "Given prior instances within the subject store, a reasonable investigation by Defendant would have revealed that certain employees working at the time of the fall were unable or unfit to perform their duties within the store." ¶26. Even viewing this statement in the light most favorable to Ms. Eakin, without more details about those prior instances, it does not plausibly allege Ross' knowledge. It is only a "'naked assertion' devoid of 'further factual enhancement.'"

Count II should be dismissed without prejudice because I cannot say it would be futile for Ms. Eakin to try to supplement the factual basis for her claims. *See Bryant v. Dupree*, 252 F. 3d 1161, 1163 (11th Cir. 2001).

C. *Paragraphs 13(c) and 14(c)*

Ross moves to strike paragraphs 13(c) and 14(c) of the Amended Complaint. Paragraph 13(c) says Ross had a duty "to enact policies and procedures governing the inspection, maintenance and repairs to areas open to its invitees, including entrance and exit areas." Paragraph 14(c) says Ross breached its duties to Ms. Eakin by "[f]ailing to train employees on how to address the hazardous areas located in the

aisles of the store." Ms. Eakin concedes that negligent supervision cannot be established through a mode of operation theory. ECF No. 22 ¶17. Nevertheless, she asks for permission to "conduct discovery to determined [sic] whether mode of operation is a viable factor in the injuries to the Plaintiff which may come into play based on the video had it been produced to date." *Id*.

At this juncture, I cannot say that these paragraphs rise to the level of "redundant, immaterial, impertinent, or scandalous matter." Part of a cause of action for negligent supervision is failing to take reasonable steps after having actual or constructive knowledge of a risk. It could be relevant and material whether, after having the requisite knowledge, Ross adopted policies and provided training to the employee(s) responsible for Ms. Eakin's injuries. For that reason, Paragraphs 13(c) and 14(c) should not be stricken. I do not reach the question whether Ms. Eakin can have discovery on these topics and/or whether the evidence would be admissible at trial.

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court GRANT IN PART and DENY IN PART the Motion to Dismiss.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being

served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers this 7th day of December, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE